**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3609-19

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LEVINE DICKERSON,

 Defendant-Appellant.

_____

Submitted October 26, 2021 – Decided March 22, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-04-0925.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Gifford, Assistant Deputy Public Defender, of counsel and on the brief).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the trial court's denial of his motion to suppress evidence seized during a search and for a Franks[1] hearing. Contraband was seized during the search and defendant was arrested afterwards. Defendant challenged the probable cause for the search warrant, which led to his arrest at a residence where he was suspected of manufacturing and selling illegal drugs. He argues that the confidential informant (CI), upon whose testimony the warrant was largely based, was unreliable. We find there was sufficient probable cause for the trial court to issue the warrant, and we affirm.

I.

Nicholas Berardis is a detective with the Atlantic City Police Department who requested a search warrant for a house which defendant frequented. He provided a detailed affidavit in support of his request. For brevity, we summarize the facts.

A CI, whom Detective Berardis considered reliable from prior working experience, as well as his own independent investigation, informed him that defendant was distributing large amounts of cocaine. The detective showed the CI a picture of defendant, and the CI confirmed that defendant was the person in the picture.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

A-3609-19

The CI stated that he could purchase cocaine from defendant, and that defendant frequently used the main door of the house, not the side door. The detective surveilled the house and confirmed defendant's frequent use of the front door of the property. Detective Berardis coordinated with the CI, and they set up three controlled buys of cocaine from defendant, once in January 2019 and twice in February 2019. The CI went to the house to make each buy using money supplied by the Atlantic City Police Department. In each buy, the CI handed the money to defendant inside the house, and the CI received crack cocaine in return. The CI turned over the cocaine to Detective Berardis and also identified defendant as the person with whom he completed each transaction. In his affidavit in support of the search warrant, the detective testified that the drugs which the CI purchased from defendant, were, based upon his training and experience, crack cocaine.

During the second buy, the CI overheard defendant tell another person in the house to "get the piece" if she ever heard an unfamiliar noise in the house. The detective stated in his affidavit that "piece" was slang for a gun, based on his training and experience. In conducting an investigation into defendant's previous criminal history, Detective Berardis learned defendant had four prior felony convictions, including one for possession and distribution of a controlled

dangerous substance (CDS). Defendant also had juvenile adjudications for terroristic threats and unlawful possession of a weapon. Further research uncovered a 2017 investigation where police received a detailed tip that defendant was selling CDS at another address in Atlantic City and kept a "machine gun" at that property. The judge executed the warrant based on the affidavit submitted by the detective.

Defendant was arrested after execution of the warrant, and he was indicted by a grand jury, which charged him with multiple drug and weapons offenses.

On September 10, 2019, defendant moved to suppress evidence obtained during the search. Judge Jeffery J. Waldman denied the motion and attached a statement of reasons. The court noted that the CI had previously provided information, which was independently verified to be true, accurate, and led to arrests. The court explained that the veracity and basis of the CI's knowledge was corroborated by Detective Berardis through his own surveillance and the controlled buys. The court discussed the procedure used to execute the buys, and also found defendant had prior CDS and weapons convictions. The court found that under the totality of the circumstances, sufficient, verified and reliable information existed to support probable cause and issued the search warrant.

After the trial court denied the suppression motion, defendant pleaded guilty to count five of the indictment, second-degree possession of a firearm while committing a CDS crime, N.J.S.A. 2C:39-4.1(a). Defendant appeals, arguing:

> THE WARRANT AFFIDAVIT DID NOT PROVIDE PROBABLE CAUSE FOR THE SEARCH BECAUSE THE RELIABIL[I]TY OF THE CONFIDENTIAL INFORMANT WAS NOT ESTABLISHED. THUS, THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.

## II.

"[A] search executed pursuant to a warrant is presumed to be valid and . . . a defendant challenging its validity has the burden to prove that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable." State v. Keyes, 184 N.J. 541, 554 (2005) (citations and internal quotation marks omitted). Thus, the appellate court gives substantial deference to the discretionary determination resulting in the issuing of a search warrant. State v. Jones, 179 N.J. 377, 388 (2004) (quoting State v. Sullivan, 169 N.J. 204, 211 (2001)).

Police officers must obtain a warrant from "a neutral judicial officer prior to searching a person's home, unless the search 'falls within one of the recognized exceptions to the warrant requirement.'" Sullivan, 169 N.J. at 210

5

(quoting State v. Cooke, 163 N.J. 657, 664 (2000)). To issue the warrant, the judge must find there is probable cause a crime is being committed or has been committed at a specific location. Ibid. (citing State v. Laws, 50 N.J. 159, 173 (1967)). Probable cause exists if at the time of the police action there is "a 'well grounded' suspicion that a crime has been or is being committed." Id. at 211 (quoting State v. Waltz, 61 N.J. 83, 87 (1972)).

A judge may issue a search warrant based on information police receive from a confidential informant. Keyes, 184 N.J. at 555. There must be substantial evidence in the record to support the informant's statement. Ibid. Specifically, the court must examine the informant's veracity and basis of knowledge. Ibid. But "[a] deficiency in one of those factors 'may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.'" Sullivan, 169 N.J. at 212-13 (quoting State v. Zutic, 155 N.J. 103, 110-11 (1998)); see also Jones, 179 N.J. at 389. Thus, "[w]hen determining whether probable cause exists, courts must consider the totality of the circumstances, and they must deal with probabilities." Jones, 179 N.J. at 389 (quoting Schneider v. Simonini, 163 N.J. 336, 361 (2000)).

A-3609-19

In addition to veracity and basis of knowledge, "'[i]ndependent corroboration is necessary to ratify the informant's veracity and validate the truthfulness of the tip' and is considered 'an essential part of the determination of probable cause.'" Id. at 390 (quoting State v. Smith, 155 N.J. 83, 95 (1998)). Corroborating factors should be considered on a case-by-case basis. Ibid. When it comes to corroborating factors, our Supreme Court finds controlled buys particularly persuasive. In State v. Keyes, the Court stated:

> Although no corroborating fact, by itself, conclusively establishes probable cause, a successful "controlled buy 'typically will be persuasive evidence in establishing probable cause.'" Indeed, when the police have performed a successful controlled drug buy we have found that "even one additional circumstance might suffice, in the totality of the circumstances, to demonstrate probable cause."
>
> [184 N.J. at 556-57 (internal citations omitted).]

### III.

Defendant argues that the warrant affidavit failed to establish probable cause to search the home. Defendant argues that the affidavit lacked sufficient details to demonstrate the informant's veracity and basis of knowledge. Further, he argues, the controlled buys fail to overcome the lack of detail because Detective Berardis did not observe the controlled buys and the evidence of the buys depended on the word of an unreliable informant. We disagree

A-3609-19

substantially for the reasons set forth in the comprehensive fourteen-page opinion by Judge Waldman, and we add these brief observations.

Defendant failed to overcome "the burden to prove 'that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable.'" Keyes, 184 N.J. at 554 (citing Jones, 179 N.J. 388). The affidavit detailed the detective's prior history with the CI and CDS transactions.

The Court permits independent corroboration, such as "controlled drug purchases performed on the basis of the informant's tip [and] the positive test results of narcotics obtained during a controlled purchase," to factor into a trial court's analysis. See Jones, 179 N.J. at 390 (citing Sullivan, 169 N.J. at 215-17). We find the record supports a "'well grounded' suspicion that a crime [was] . . . committed" at the house defendant occupied in Atlantic City. Sullivan, 169 N.J. at 211 (quoting Waltz, 61 N.J. at 87). Therefore, the issuance of the warrant was supported by sufficient probable cause as detailed in the affidavit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8